1  Janice M. Bellucci, Esq., SBN 108911
2  LAW OFFICE OF JANICE M. BELLUCCI
   235 East Clark Avenue, Suite C
3  Santa Maria, California  93455
   Tel:    (805) 896-7854
4  Fax:    (805) 349-8872
   JMBellucci@aol.com

5  Attorney for: Plaintiff Frank Lindsay

6

7

8                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
9                       SACRAMENTO DIVISION

10

11  FRANK LINDSAY, an individual,              Case No.:

12
                          Plaintiff,
13                                             **VERIFIED COMPLAINT FOR RELIEF**
    vs.
14                                             **[42 U.S.C. § 1983]**

15  COUNTY OF SACRAMENTO, an
    incorporated California County, and DOES 1
16  through 10, inclusive,

17                          Defendants.

18

19                          **INTRODUCTION**

20      1.     This civil rights action challenges the entirety of Title 6, Chapter 6.130 of the

21  Sacramento County Code (the "Ordinance") in that it both facially and in its application violates the

22  First, Fifth and Fourteenth Amendments to the United States Constitution, the Ex Post Facto Clause

23  of the United States Constitution, is unconstitutionally vague, and violates Article XI, Section 7 of

24  the California Constitution, as more specifically alleged herein.

25                      **JURISDICTION AND VENUE**

26      2.     This court has jurisdiction over this action under 28 U.S.C. Sections 1331, 1343(a),

27  and 2201, as well as pursuant to 42 U.S.C. Section 1983.

28

3.      Under 28 U.S.C. Section 1391(b), venue is proper in this federal district because defendant is a municipality in this district and the events giving rise to the claims have occurred and continue to occur in this district.

## PLAINTIFF

4.      Plaintiff FRANK LINDSAY ("Plaintiff") is a resident of Grover Beach, San Luis Obispo County, California and is a citizen of the United States, and was both at all times herein mentioned and relevant to this action.  Plaintiff is required to register pursuant to California Penal Code Section 290,[1] et seq., as a result of his conviction in January 1979 in a Superior Court of California for a violation of Pen. Code § 288(a).  Plaintiff was required and continues to be required to register pursuant to Pen. Code § 290 et seq. at all times herein mentioned and relevant to this action.

## DEFENDANTS

5.      The COUNTY OF SACRAMENTO ("County" or "Defendant") is an incorporated County in the State of California.  Defendant adopts municipal ordinances through the five-member Sacramento County Board of Supervisors and enforces such ordinances through the Sacramento County Sheriff's Department.

6.      The true names and capacities of Defendants sued as Does 1 through 10 are unknown to Plaintiff, who therefore sues such Defendant by fictitious names.  Plaintiff will seek leave to amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

7.      Defendant and Does 1 through 10 are collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

8.      The Sacramento County Board of Supervisors adopted urgency ordinance No. 1334 in 2006.[2]  The Ordinance was subsequently codified as Sacramento County Code Title, 6 Chapter 6.130, which is comprised of Sections 6.130.010 through 6.130.070.  As previously defined above, the entirety of Title 6, Chapter 6.130 is referred to herein as the "Ordinance."  The Ordinance  is

---

[1] All future references are to the California Penal Code, unless otherwise indicated.
[2] See Sacramento County Code, Title 6 "HEALTH AND SANITATION, Chapter 6.130 "PROTECTION OF CHILDREN FROM SEXUAL OFFENDERS" at: http://qcode.us/codes/sacramentocounty/

**VERIFIED COMPLAINT FOR RELIEF**

1  entitled "PROTECTION OF CHILDREN FROM SEXUAL OFFENDERS" in the Sacramento

2  County Code.

3        9.    According to the findings of the Sacramento County Board of Supervisors, "[s]ex

4  offenders pose a clear threat to the children residing or visiting in the community.  Further, there are

5  no guarantees that they will not re-offend and convicted sex offenders are more likely than any other

6  type of offender to re-offend for another sexual assault." [3]  Defendant continues: "For these reasons,

7  the Board of Supervisors of Sacramento County finds that a public emergency exists that affects the

8  life, health and public welfare of children, resident in, and visitors to, the County of Sacramento."[4]

9  Defendant purports to achieve the stated goal of protecting children from sexual assault or other

10  harm by sexual offenders by way of enforcement of the provisions of the Ordinance.[5]

11        10.    To achieve this purported purpose, the Ordinance imposes numerous life-long

12  restrictions within the boundaries of the County of Sacramento that significantly restrain the civil

13  liberties of _all_ persons required to register with a government entity as a sex offender pursuant to

14  Pen. Code § 290 et seq. (herein a "Registrant" or "Registrants"), and specifically as to individuals

15  affected by the ordinance.

16        11.    As set forth more specifically herein, the Ordinance significantly restricts

17  Registrants' access to public facilities and _privately owned_ businesses by banning Registrants from

18  being physically present on the grounds of or within three hundred (300) feet of specified, but

19  otherwise undefined locations.[6]

20        12.    The Ordinance uses the following two definitions and _only_ these definitions:

21        a. "Children" means those persons who are under the age of eighteen (18).

22        b. "Sex offender" means a person who has been required to register with a

23        governmental entity as a sex offender under California Penal Code Section 290.[7]

24        13.    By definition, the Ordinance applies _only_ to a person required to register as a sex

25  offender pursuant to California Penal Code Section 290.  A sex offender who must register in a

---

[3] Sacramento County Code § 6.130.020.
[4] Id.
[5] Sacramento County Code § 6.130.010.
[6] Sacramento County Code § 6.130.040.
[7] Sacramento County Code § 6.130.030.

1    jurisdiction other than California, such as a visitor from another state, is thus exempt from

2    compliance with the Ordinance.

3           14.    The Ordinance mandates the following: "A sex offender is prohibited from being on

4    or within three hundred (300) feet of the grounds of public or private schools for children, centers or

5    facilities that provide day care or children's services, video arcades, public and private playgrounds

6    and play facilities, parks, youth sports facilities, skate parks, public swimming pools, libraries, and

7    bus stops in the immediate vicinity of parks and schools. For purposes of this section, distances shall

8    be measured from the edge of the parcel or contiguous parcels where the identified use is located."[8]

9           15.    A violation of the Ordinance is a misdemeanor, punishable by a fine of not more than

10   $1,000, or by imprisonment for up to one year, or by both such fine and imprisonment.  A person is

11   guilty of a separate offense for each and every day during which a violation occurs.[9]

12          15.    The Ordinance does not take into consideration that the California state Legislature

13   has enacted a comprehensive and detailed legislative scheme prohibiting numerous sex offenses.

14   *See, e.g.,* California Penal Code sections 220, 261, 261.5, 261.6, 261.7, 262, 263, 264, 264.1, 264.2,

15   265, 266, 266a – 266k, 267, 269, 285, 286, 286.5, 288, 288.2, 288.3, 288.4, 288.5, 288.7, 288a, 289,

16   289.5, 289.6, 311.1, 311.2(b)-(d), 311.3, 311.4, 311.10, 311.11, 647.6, 653f(c), 314.

17          16.    The Ordinance does not take into consideration that the legislature has also adopted a

18   comprehensive and statewide system for monitoring and regulating the conduct of persons

19   convicted of certain sex offenses.  *See* California Penal Code sections 290, 290.001-290.0415,

20   290.01-290.08, 290.3-290.95, 291-294, 626.81, 1203.066-1203.067, 3003.5, 3004, 3006-3008,

21   3053.8.

22          17.    Specifically, state law prohibits a person for whom registration is required pursuant

23   to California's Sex Offender Registration Act [10]and is currently being supervised on parole, after

24   having served a term of imprisonment for specified sex offenses in which one or more of the victims

---

[8] Sacramento County Code § 6.130.040, subd. (a). See also § 6.130.040, subd. (b): "This prohibition does not apply to a sex offender's place of residence if regulated by state law. This prohibition does not apply to single trips by the sex offender when traveling past a location specified in this chapter while in route to another destination. This prohibition does not apply to single trips when a sex offender who is also a parent or guardian of a child accompanies his/her child or ward to or from a location specified above."

[9] Sacramento County Code § 6.130.050.

[10] Pen. Code § 290.

was under the age of 14, from entering any park where children regularly gather without prior express permission of his or her parole agent.[11]

18.   Furthermore, state law provides: "A person who is required to register as a sex offender pursuant to Section 290, who comes into any school building or upon any school ground without lawful business thereon and written permission indicating the date or dates and times for which permission has been granted from the chief administrative official of that school, is guilty of a misdemeanor."[12]

19.   The Ordinance is inconsistent with two California Court of Appeals decisions of January 10, 2014[13].  The Court invalidated similar ordinances enacted in the City of Irvine and the County of Orange for being preempted by state law.  The court held that "the state statutory scheme imposing restrictions on a sex offender's daily life fully occupies the field and therefore preempts the city's efforts to restrict sex offenders from visiting…parks and recreational facilities."[14]  These ordinances had intended to restrict Registrants from entering areas defined by those ordinances as places frequented by children and included parks, harbors, beaches, zoos and other recreational facilities.

20.   The Ordinance does not take into consideration that many *privately owned* businesses may be located adjacent to or within three hundred (300) feet of places a Registrant is prohibited from being present, at which businesses a Registrant would have a legitimate purpose to visit, be employed and/or conduct commerce (e.g., a grocery store, restaurant, laundry service, doctor's office or hospital.)  Therefore, Registrants are prohibited from being at or near these businesses for any reason, according to the Ordinance.

21.   The Ordinance also does not take into consideration that bus stops, rail stations and other locations used to access public transportation may be located at or within three hundred (300) feet of places a Registrant is prohibited from being present.  Therefore, Registrants are prohibited from accessing any publicly available transportation at transit stops located in any restricted area

---

[11] Pen. Code § 3053.8.
[12] Pen. Code § 626.81, subd. (a).
[13] The California Supreme Court denied review of these decisions on April 23, 2014.
[14] See *People v. Nguyen,* 222 Cal. App. 4th 1168 (2014); See also *People v. Godinez,* Case No. G047657 (Cal. Court of Appeals, January 10, 2014) [unpublished].

**VERIFIED COMPLAINT FOR RELIEF**

1   and not just "bus stops in the immediate vicinity of parks and schools", according to the Ordinance.

2   Additionally, the use of the term "immediate vicinity of parks and schools" is vague and is open to

3   subjective interpretation by law enforcement officers and encourages arbitrary and discriminatory

4   enforcement of the Ordinance.

5          22.     The Ordinance makes no attempt to define any of the places a Registrant is

6   prohibited from accessing. For example, the Ordinance is silent as to what constitutes "public or

7   private schools for children"; "centers or facilities that provide day care or children's services";

8   "video arcades"; "public and private playgrounds and play facilities"; "parks"; "youth sports

9   facilities"; "skate parks"; "public swimming pools"; "libraries", and "bus stops in the immediate

10  vicinity of parks and schools" is open to subjective interpretation by law enforcement officers and

11  encourages arbitrary and discriminatory enforcement of the Ordinance.

12         23.     The Ordinance allows for a narrow, but ambiguous, exemption to the prohibitions

13  mandated in section 6.130.040, that is, a Registrant who is a parent or guardian may accompany his

14  or her child or ward *to or from* a restricted area.[15]  It is unclear, however, whether a Registrant may

15  exercise ordinary care and supervision over his or her own child or ward while the child *remains* at

16  restricted facilities and establishments.

17         24.     The Ordinance makes no exceptions for Registrants to exercise certain

18  constitutionally protected First Amendment rights, including freedom of speech, expression,

19  assembly, association and religion, within restricted areas.  Thus, a Registrant may be unable to vote

20  if his or her assigned polling place is located within three hundred feet of any of the places a

21  Registrant is prohibited from being at or near.  A Registrant is likewise banned for life from

22  attendance at any place of religious worship and educational opportunities at any trade or technical

23  school, or public or private college or university located within a restricted area.

24         25.     The Ordinance expressly prohibits Registrants from being present at libraries. The

25  Ordinance therefore prohibits Registrants' access to information and  applies specifically to the

26  speech and association of Registrants in the context of a library, while speech of a different content,

27  ---

[15] Sacramento County Code § 6.13.040, subd. (b) provides, in part: "This prohibition does not apply to single trips when a sex offender who is also a parent or guardian of a child accompanies his/her child or ward to or from a location specified above."

28

such as that which may be conducted in any other traditional public venue, is not proscribed or regulated.   The prohibited speech and association is undisputedly a form of expression entitled to the same constitutional protections as traditional speech.  The Ordinance prohibits a discreet and socially outcast minority from exercising their constitutional rights as enumerated above.

26.     Defendant has expended, is expending, and/or will expend public funds on enforcing, preparing to enforce, and/or attempting to enforce the Ordinance.  Defendant has a mandatory duty to refrain from expending public funds on enforcing, preparing to enforce, and/or attempting to enforce the Ordinance because it is invalid and unconstitutional.

27.     It is unreasonable for Defendant to expect anyone, in particular a Registrant visitor to Sacramento County, to refrain from being present on the grounds of or within three hundred (300) feet of every restricted area at all times when he or she is unfamiliar with the County and/or has no knowledge of the Ordinance's restrictions because there are no signs posted regarding the Ordinance's prohibitions.  Strict compliance with the Ordinance is thus impossible, unless a Registrant can be absolutely certain and is made clearly aware of the boundaries of every restricted area within County lines.

28.     Enforcement of the Ordinance requires law enforcement to scrutinize conduct, particularly intent, of otherwise lawful behavior.  The legality of a Registrant's conduct, even when attempting in good faith to comply with the Ordinance, turns on law enforcement interpretation of intent and knowledge.  Such restrictions are presumptively unconstitutional and must therefore satisfy strict scrutiny.

29.     Additionally, while the Ordinance does not facially impose burdens on other persons, and specifically those who travel with Registrants, by imposing burdens on Registrants relating to where they may travel, the Ordinance, as applied, imposes the same burdens on any person who travels with a Registrant as the Ordinance imposes on Registrants.

30.     Defendant lacks either a compelling or substantial legitimate governmental interest in restraining the civil liberties of Registrants in the manner expressly provided by the Ordinance.

31.     Additionally, the Ordinance is not the least restrictive means to further any compelling or substantial governmental interest, specifically to protect children, as the Ordinance purports.

32.     Furthermore, the Ordinance fails to pass constitutional muster because its restrictions are not sufficiently narrowly tailored to serve any legitimate governmental interest that Defendant purports it to serve.

33.     The Ordinance also ignores the fact that the State of California has enacted a comprehensive scheme of laws to regulate Registrants and thus preempts any municipally-enacted laws, such as the Ordinance enacted by Sacramento County.

34.     The Ordinance is overly broad and burdens substantially more constitutionally protected conduct than is necessary to further any legitimate governmental interest.

35.     The Ordinance is vague and fails to provide sufficient notice of the conduct prohibited or allowed by Registrants so that they may conform their conduct to the requirements of the law and thereby prevent arbitrary and discriminatory enforcement.  Specifically, as provided above, the Ordinance includes seemingly conflicting requirements and fails to define many terms.

36.     Finally, the Ordinance is an arbitrary and politically-motivated act imposed by a local government in response to a popular majority bias against Registrants who constitute a socially outcast minority.  The Ordinance lends itself to discriminatory enforcement as well as to the suppression of the constitutional rights of Registrants and any individuals who travel with them, including but not limited to spouses and related children, parents, siblings and other family members. Therefore, the Ordinance cannot meet the stringent standards required by the First, Fifth and Fourteenth Amendments, is an express violation of the *Ex Post Facto* Clause of the United States Constitution, is unconstitutionally vague and overly broad, and violates Article XI, Section 7 of the California Constitution.

## FIRST CLAIM

### (42 U.S.C. § 1983 – First Amendment)

37.     Plaintiff re-alleges paragraphs 1 through 36 of this Complaint as though fully set forth herein.

**VERIFIED COMPLAINT FOR RELIEF**

38.     By leaving in place, enforcing, and/or threatening to enforce the Ordinance, Defendant deprives all Registrants, including Plaintiff, of rights guaranteed by the First Amendment of the United States Constitution, including the rights to freedom of speech, expression, access to information, association, assembly and religion. Defendant commits these unconstitutional acts under color of authority of law.

39.     Continued enforcement or threats of enforcement of the Ordinance violates the rights of the Plaintiff and the rights of other Registrants, which are protected by the First Amendment of the United States Constitution.  Therefore, the Ordinance is void, both facially and as applied, and should be enjoined and its previous enforcement nullified.

## SECOND CLAIM

### (42 U.S.C. § 1983 – Fifth Amendment)

40.     Plaintiff re-alleges paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     By leaving in place, enforcing, and/or threatening to enforce the Ordinance, Defendant deprives Plaintiff and other Registrants of rights guaranteed by the Fifth Amendment of the United States Constitution, including the rights to life, liberty, property and due process of law. Defendant commits these unconstitutional acts under color of authority of law.

42.     Continued enforcement or threats of enforcement of the Ordinance violates the rights of the Plaintiff and the rights of other Registrants, which are protected by the Fifth Amendment of the United States Constitution.  Therefore, the Ordinance is void, both facially and as applied, and should be enjoined and its previous enforcement nullified.

## THIRD CLAIM

### (28 U.S.C. § 1983 – Fourteenth Amendment)

43.     Plaintiff re-alleges paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.     By leaving in place, enforcing, and/or threatening to enforce the Ordinance, Defendant deprives all Registrants, including Plaintiff, of rights guaranteed by the Fourteenth Amendment of the United States Constitution, including the Substantive Due Clause, as well as

VERIFIED COMPLAINT FOR RELIEF

fundamental rights to travel and family autonomy and the guarantee of privileges and immunities. Defendant commits these unconstitutional acts under color of authority of law.

45.     Continued enforcement or threats of enforcement of the Ordinance violates the rights of the Plaintiff and other Registrants which are protected by the Fourteenth Amendment of the United States Constitution.  Therefore, the Ordinance is void, both facially and as applied, and should be enjoined and its previous enforcement nullified.

### FOURTH CLAIM

### (28 U.S.C. § 1983 – *Ex Post Facto* Clause)

46.     Plaintiff re-alleges paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     By leaving in place, enforcing, and/or threatening to enforce the Ordinance, Defendant deprives all Registrants, including Plaintiff, of rights guaranteed by the *Ex Post Facto* Clause of the United States Constitution. Defendant commits these unconstitutional acts under color of authority of law.

48.     Continued enforcement or threats of enforcement of the Ordinance violates the rights of the Plaintiff and the rights of other Registrants, which are protected by the *Ex Post Facto* Clause of the United States Constitution.  Therefore, the Ordinance is void, both facially and as applied, and should be enjoined and its previous enforcement nullified.

### FIFTH CLAIM

### (28 U.S.C. § 1983 – Void for Vagueness)

49.     Plaintiff re-alleges paragraphs 1 through 48 of this Complaint as though full set forth herein.

50.     By leaving in place, enforcing, and/or threatening to enforce the Ordinance, Defendant unconstitutionally enforces an ordinance that deprives all Registrants, including Plaintiff, of rights which are protected under the Void for Vagueness Doctrine extended into the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.  Defendant commits these unconstitutional acts under color of authority of law.

51.     Defendants continued enforcement or threats of enforcement of the Ordinance violates the rights of the Plaintiff and the rights of other Registrants, which are protected by the Void for Vagueness Doctrine extended into the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.  Therefore, the Ordinance is void, both facially and as applied, and should be enjoined and its previous enforcement nullified.

## SIXTH CLAIM

### (California Constitution, Article XI, Section 7 – State Law Preemption)

52.     Plaintiff re-alleges paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.     By leaving in place, enforcing, and/or threatening to enforce the Ordinance, Defendant is in violation of the California Constitution.

54.     Under Article XI, section 7, local ordinances in conflict with, or preempted by, state law are invalid and unenforceable.  The presence restrictions of the Ordinance are preempted by state law and therefore are void and unenforceable because they enter an area fully occupied by state law, either expressly or by legislative implication.  Defendant commits these unconstitutional acts under color of authority of law.

55.     Continued enforcement or threats of enforcement of the Ordinance violates Article XI, section 7 of the California Constitution.  Therefore, the Ordinance is void, both facially and as applied, and should be enjoined and its previous enforcement nullified.

## SEVENTH CLAIM

### (28 U.S.C. §2201 – Declaratory Relief)

56.     Plaintiff re-alleges paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57.     An actual controversy of federal question exists between the Plaintiff and Defendant regarding the constitutionality and enforceability of the Ordinance.

58.     Plaintiff is entitled to a declaration of his rights with regard to the Ordinance.

## PRAYER FOR RELIEF

Because of the actions alleged above, Plaintiff seeks judgment against Defendant as follows:

**VERIFIED COMPLAINT FOR RELIEF**

1)  That Defendant be enjoined in perpetuity from enforcing Sacramento County Code, Title 6, Chapter 6.130, sections 6.130.010 through 6.130.070;

2)  That the entirety of Sacramento County Code Title 6, Chapter 6.130 be declared null and void as unconstitutionally vague and in violation of the First, Fifth and Fourteenth Amendments of the United States Constitution, the Ex Post Facto Clause of the United States Constitution and Article XI, section 7 of the California Constitution;

3)  That Plaintiff recover from Defendant reasonable attorney's fees as well as costs and expenses of this litigation under 42 U.S.C. Section 1988; and

4)  That Plaintiff recover any further relief as the Court deems just and proper.


Dated: April 30, 2014                    LAW OFFICE OF JANICE M. BELLUCCI


                            By:  ____/s/*Janice M. Bellucci*_____
                                    JANICE M. BELLUCCI
                                    Attorney for Plaintiff FRANK LINDSAY

**VERIFIED COMPLAINT FOR RELIEF**